But the Court said, that the"plaintiffs were all of the name of Chambers, that the record was intelligible, and that the omission to repeat or add the sir-name to every Christian-name, was not a sufficient ground for reversal.
It was then objected, that the plaintiffs did not file a state of demand agreeably to law; and that the justice granted a venire after he liad proceeded to enter into the merits of the cause; and also, that the justice adjourned the cause for more than fifteen days, from the return day of the summons.
But the Court said, that as it appeared from the record, that at the meeting of the parties on the last adjournment, and subject to the irregularities complained of, the parties had mutually agreed to a rule of reference, and that rule having been proceeded on to judgment, they did not think it correct to reverse for those causes.
It was then contended, that as the justice had not entered at large in his docket, the report of the referees, that the judgment ought to be reversed for that cause.
But the Court said, that although it was the most proper, convenient and safe practice, to enter the report at large on the docket of the justice, yet the not [*] doing of it, they did not consider as a cause of reversal, particularly in this case, where the substance of the report was fairly entered, and Affirmed the judgment, (a)

 Vid. post. 817, 870.